IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SUMMER OTTOLINE,<br>　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-00086<br>(Jury Trial Demanded) |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Summer Ottoline (hereinafter "Plaintiff") complains of Wal-Mart Stores Texas, LLC and would respectfully show the Court the following:

### I.

### Nature of Action

1.　Plaintiff suffered injury to several parts of her body as a result of a slip and fall on Defendant's premises.

### II.

### Jurisdiction and Venue

2.　The claims asserted arise under the common law of Texas.

3.　The Court has jurisdiction in this matter because the parties are diverse and the amount in controversy exceeds the minimum amount required. Venue is proper in the Southern District of Texas, Galveston Division, because a substantial part of the events and omissions giving rise to this claim occurred within this judicial district.

### III.

### Statement Regarding Monetary Relief Sought

4. Plaintiff seeks monetary relief between $200,000 and $1 million. Discovery has just commenced and, therefore, Plaintiff reserves the right to supplement in accordance with the Federal Rules of Civil Procedure.

### IV.

### Discovery Level

5. Discovery in this matter shall be conducted in accordance with the Court's scheduling order.

### V.

### Parties

6. Plaintiff is a resident of Texas.

7. Defendant Wal-Mart Stores Texas, LLC is an Arkansas Corporation that has already made an appearance in this case.

### VI.

### Facts

8. On or about October 20, 2016, Plaintiff was injured while walking through the aisles at the Wal-Mart store in Porter, Texas. Specifically, Plaintiff slipped and fell on a clear liquid that was left on the bread aisle. There were no warning or wet floor signs at the time Plaintiff fell. As a result of the incident, Plaintiff suffered significant injuries.

### VII.

### Causes of Action

*A.* *Premises Liability*

9. Defendant owned, occupied and/or controlled the area where Plaintiff was

injured.

10. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

11. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of this unreasonably dangerous condition, or make the unreasonably dangerous condition reasonably safe. Defendant breached this duty by failing to warn Plaintiff of this known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe.

12. Defendant's breaches of its duties proximately caused Plaintiff's injuries.

## VIII.

## Jury Trial

13. Plaintiff hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

## Prayer

14. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendant;
- Actual damages;
- Past and future medical damages;
- Past and future loss of earning capacity;

- Past and future Physical Pain and suffering;

- Past and future impairment;

- Past and future disfigurement;

- Past and future mental anguish;

- Interest on damages (pre- and post-judgment) in accordance with law.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**


*/s/ James P. Lamey*
MICHAEL E. PIERCE
Texas Bar No. 24039117
Federal Bar No. 597900
JAMES P. LAMEY
Texas Bar No. 24094072
Federal Bar No. 3015462
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: michael@pstriallaw.com
james@pstriallaw.com
service@pstriallaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, and that this instrument is therefore available for viewing and downloading from the Court's ECF system.

*/s/ James P. Lamey*
James P. Lamey